Good morning, Your Honor. May it please the Court, Colin McCarthy, appearing on behalf of Luce Plaintiff and Appellant, Air Control Technologies, Inc. As Your Honor stated, I have the benefit of having nobody to my right, so I just wanted to focus. Very personal. Very attractive. I wanted to just take an opportunity to address a few points and then answer any questions that the Court may have. First off, I wanted to thank the Court for granting argument in this very important case to my industry, the Sheridan construction law component, particularly the area of subject matter jurisdiction and the sort of muddled state of case law. First and foremost, I think we need to talk about the 800-pound gorilla in the room, and that is the Arbaugh decision, which I think has cast this whole discussion of subject matter jurisdiction dismissals into a different light. Well, the other elephant is Selanese coatings. Correct. And I guess maybe why you mentioned Arbaugh, but can you talk to us about whether we have the authority at this point to overrule Selanese? I do, and I believe that Selanese coatings should be overruled quickly. It shocks me when I click on Westlaw to see that there's not a red flag up next to it. And the reason and the authority that you have to do that can be found in the Leeson opinion versus Transamerica. It is not cited in our brief because, unfortunately, it came out after we had filed our brief, but we filed a supplemental letter on that case. Can you give the site again, please? Sure. It's Leeson versus Transamerica disability plan, and it is – When did you file the supplemental letter? We filed the supplemental letter in late – I believe early February of 2012. It may have been lost in the shuffle. I don't remember seeing that, but perhaps it's – anyway, what's the site? I don't have it because it's not in my 2012 court opinion. I do not – although my clock is ticking, I will revert to my technology just real fast because I didn't pull it out. Sure. That's fine. As long as that doesn't kill us. Sure. Leeson versus Transamerica plan – of course, I get the Westlaw citation. I apologize, Your Honor. I thought it was part of the record. I did know that it had been filed. Perhaps you can send us a 28-J letter right afterwards and just refresh our – Not refresh. Give us the information. I will – I'll highlight the Leeson opinion and why I believe it's so important and why it addresses Your Honor's comment about whether we can overrule cell and use codings. In that opinion, Judge Paez addressed the issue on this Court of whether statutory standing under ERISA was a jurisdictional or limitational component. And he wrote a very well-reasoned opinion in which he sort of walks through ARBA and synthesizes ARBA, but also points out some prior court cases in which the court had come down with this – struggling with this issue of federal question jurisdiction on whether or not defense is limitational, jurisdictional, cases such as the Copyright Act, the Individuals with Disabilities in Education Act, and the Veterans Administration Act, all of which coming down on the side of a limitational defense. And his reasoning is really sort of a spin-off of ARBA, and I think it's incredibly telling. And that is, of course, Bell v. Hood and some of these old seminal jurisdictional cases which say, unless the dismissal – unless the claim – unless you're forum shopping, unless your claim is frivolous or there isn't a colorable basis for it, we're going to assume that jurisdiction is met. But what ARBA did was added another component and said, of course, that unless Congress has expressly stated that it's jurisdictional. That's the real wrestling point, I think, with not only this statute, but a lot of other statutes. I've heard some cases this week, similar kinds of issues. And what Judge Payas did in Leeson is he said, we scour the congressional record to find if there is any evidence of a jurisdictional intent by Congress, but we also do another thing, and that is we look at the statute. And we look to see within the statute if whether the defense that's being challenged is part of the jurisdictional component. In all of those examples I gave you, the Copyright Act, the Individuals with Disability Act, ERISA, the defense that was being raised was not part of the specific jurisdiction-granting statute. And we have that in the same case here under the Miller Act, where under 3133B, which is where you find the good stuff in the Miller Act, B3 is the venue provision which says that the district courts are the court of subject matter jurisdiction. I have a question, counsel. I take your point about whether Congress has clearly indicated whether it's jurisdictional. I'm a little more troubled with the fact that, of course, our E.E. Black limited case originally said it wasn't jurisdictional, and Selanee said it was. It was an, in quotes, a drive-by decision. The real question is do we as a panel of three have the ability, given the recent Supreme Court jurisdiction, which obviously clearly does not directly deal with this point. It's only by analogy and the like. Do we have the authority to overrule Selanee's, or do we need to, sua sponte, ask for an en banc rehearing of the matter to make it absolutely clear which way it is? Yeah, this is one in which I wish I had Leeson in front of me, because that's exactly what they did in Leeson. The court grappled with that issue of whether they could do it themselves, and they determined that they could. And the reason was because there was intervening Supreme Court precedent, a higher authority, as Judge Paez said, which had intervened and allowed them the opportunity to overrule what has become a stale case. I'm sorry, you did send Leeson. I found it. Okay, good. Thank you very much. I have a slightly different twist to that question. Do we, because of the way this is postured now with Selanee's, do we overrule, do we need to go all the way to overruling it, or do we just simply say because of Arbaugh, Arbaugh says jurisdictional drive-by rulings, if we determine that's what it is, should not be given any deference. We don't give it any deference and stop there. Here's the reason that I'm so adamant about having Selanee's codings overturned, is because we're going to have district courts like we have in this situation in my case struggling with that issue and simply closing the doors to litigants based on Selanee's codings. So it doesn't provide a lot of good guidance when the district court can go and look at Selanee's codings and not see that red flag there. Although, I mean, I know you would want something more, obviously, but isn't it enough, though, to say nobody should give deference to Selanee's because of Arbaugh? Doesn't that serve your purpose? Well, it does. In a way, it does. I just don't want other litigants, because I can tell you a lot of folks are grappling with this issue right now of tolling agreements and what do we do on the 365th. I'm negotiating with the surety that checks in the mail. Do I have to go out and file a lawsuit? Is the tolling agreement any good or not? Where in other circuits, we don't have that problem. But here, a district court looking at Selanee's codings like they did in this case could simply say it's a black and white issue. So my concern is sort of pounding that final nail into the coffin of Selanee's codings so that we can clarify this issue. A little construction reference. Yeah, of course. A little tongue-in-cheek. Let's assume, arguendo, that you get around the jurisdictional problem. Under 12b-6, does your complaint survive anyway? I do for a couple of reasons. First and foremost, we default to that second part of the brief on the PIPIN discussion about statute of limitations and providing equipment. PIPIN is a good case because it sort of lays out the bright line rule for whether a so what. If it's a subcontractor providing, you know, subcontract work, it's the last day that they did work. If it's an equipment provider providing equipment, it's the last day that the equipment was available for use on the job. In my case, I have both. And you've got both, but I see there's nothing on the face of the complaint that indicates that you didn't work on the project or rent equipment within the one-year period. Is that what you're relying on? Correct. So it would be very difficult to resolve this. The other issue that we really sort of focused on just in a footnote because we didn't have the opportunity to address this and flesh this out on the record is that we have a very strong equitable tolling argument. We submitted our claim to the surety for payment well before the statute of limitations would have accrued in this case. The surety took months and months. We're continuing to investigate, send us more information. So we believe we have a very strong estoppel claim that, of course, we wouldn't have raised in the complaint because it's not germane. But if we get through that 12b1 hurdle and get into the pleadings and discovery, we believe we will prevail on that issue under Rule 56. But, of course, never had the opportunity to provide that issue before the court because we resolved on 12b1. Well, all we need to do, if we do, is reverse on 12b1, send it back. And where you go, whether it's 12b6 or elsewhere, is for another day. We may be back in another few years on Rule 56 on the PIP issue. But what is going to happen in this case, and I'll clue you all in because I've got the time as far as why Apelli is not here, is Apelli is somewhat conflicted in this case because his attorney represents both the contractor and the surety. Of course, the surety wants to be extricated. And it presents an ethical issue. It really does. The Apelli, you know, Apelli's attorney and the surety, of course, want to be extricated and get the surety out of the case. But the contractor wants this case to be remanded and back to the district court because he wants to implead the Veterans Administration, whom he believes is ultimately responsible for my damages. Because of this dismissal, I have been forced to go out and file a case in L.A. Superior Court, which has now stayed pending resolution of this appeal. The general contractor, Apelli, cannot bring the VA into that case because of the state court action. So they're a little bit sort of struggling with both issues here. And what ultimately is going to happen to this case, both sides agree, is that if the case is remanded, the Veterans Administration will be brought into the case. The parties will sit down and hopefully get the case resolved. Veterans Administration has lots of money, I'm sure. I hope so. But right now, unfortunately for the general contractor, the case in L.A. Superior Court doesn't help them gain any traction towards getting the case resolved. So it's a procedural sort of football as far as all of the issues, the moving parts in this case. Why don't you all go to Ninth Circuit mediation now? We tried. We were agreeable to mediation. The surety's position was that this is purely a legal issue, and therefore they were not interested in mediating the case. My goal in all of this case from the bigger picture perspective is really truly to provide guidance to the folks that find themselves on that 364th or 365th day with a claim, negotiating in good faith with the surety that hopefully doesn't have to go out and file a lawsuit. I cited in our brief the Kirchdorfer case out of the Sixth Circuit, which was a northern district of Ohio case. And I focused on that case, not trying to be sort of cute about it, but the Kirchdorfer court came down with a limitational component analysis of the case, and they cited the Ninth Circuit to come up with that. They cited the E.E. Black case. And so we're sort of in this big circle. It wasn't Judge Zucari, was it? No. We're sort of on this hamster wheel trying to figure out in the Ninth Circuit of where these things come down because we don't really have any good, clear guidance. And that's really what we're hoping that this case will ultimately provide, is guidance for folks in my line of work to be able to tell the folks on that 364th day, the check's in the mail, do we have to go out and file a lawsuit. And we certainly don't want to be clogging the district courts with needless litigation when the claims can be settled and there could be equitable arguments to toll the statute of limitations. Any other questions that anybody has? I think you're being treated well. Thank you. I will submit on that. Thank you for your time. Thank you. Thank you very much. The case is submitted.
judges: Zouhary, Smith, Murguia